IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clayton Howard Tisdale, #278610, | C/A No. 0:09-1009-HFF-PJG |
| Plaintiff, | |
| vs. | **ORDER AND REPORT AND RECOMMENDATION** |
| South Carolina Highway Patrol Agency, and Officer R.D. Trevathan, | |
| Defendants. | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, and for initial screening of the Complaint by the court pursuant to 28 U.S.C. §§ 1915 and 1915A. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Trenton Correctional Institution of the South Carolina Department of Corrections ("SCDC"), and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Information on the South Carolina Department of Corrections website reveals that Plaintiff was convicted in the state court of general sessions of felony DUI resulting in death, and was sentenced to fifteen (15) years in prison. See South Carolina Department of Corrections Homepage, https://sword.doc.state.sc.us/incarceratedInmateSearch/ (search "SCDC ID" for "278610") (last visited April 23, 2009).[1]  Plaintiff seeks damages

---

[1] The court may take judicial notice of factual information located in postings on government websites.  See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

from the defendants as a result of his conviction for felony charges of Driving Under the Influence ("DUI"). Plaintiff also seeks release from prison.

Plaintiff's request to proceed *in forma pauperis* must be denied. As detailed below, Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

## DISCUSSION

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee.[2] Plaintiff is a frequent filer

---

[2] However, the court observes that *all* civil lawsuits brought by prisoners seeking redress from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, including those lawsuits where the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). Accordingly, the court would be required to perform such an initial screening of Plaintiff's Complaint even if Plaintiff were to prepay the filing fee in full. The court further observes that the instant Complaint is virtually identical to that filed in C/A No. 0:09-403-HFF-PJG, which was summarily dismissed as frivolous on April 24, 2009. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09-403-HFF-PJG (D.S.C. April 24, 2009), Docket Entries 14, 16.



of lawsuits in the federal court system. This court may take judicial notice[3] of the three civil actions filed by Plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, malicious, or failing to state a claim. See Tisdale v. Administrator of Loris Cmty. Hosp., C/A No. 9:06-138-GRA-GCK (D.S.C. Feb. 13, 2006); Tisdale v. Administrator of Loris Cmty. Hosp., C/A No. 9:06-904-GRA-GCK (D.S.C. April 17, 2006); Tisdale v. South Carolina Highway Patrol, C/A No. 0:09-403-HFF-PJG (D.S.C. April 24, 2009).

In light of Plaintiff's prior "strikes," he cannot proceed *in forma pauperis* unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998). Here, Plaintiff makes no allegation that he is in imminent danger of serious physical injury. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. If Plaintiff timely pays the filing fee, his Complaint will then be subject to review by the court to determine if service of process should be authorized. See supra note 2.

### ORDER AND RECOMMENDATION

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is denied. It is further

---

[3]See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). See also, Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).



**ORDERED** that Plaintiff shall have ten (10) days, calculated as described in the attached Notice, to pay the filing fee (currently $350). If Plaintiff fails to timely pay the filing fee, it is

**RECOMMENDED** that the Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(g).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 30, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).